UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

BARNET LOUIS LIBERMAN,

                      Debtor.

Case No. 21-70611-reg

Chapter 7

----------------------------------------------------------------x
RUSSELL NYPE and REVENUE PLUS, LLC,

                      Plaintiffs,

v.

BARNET LOUIS LIBERMAN,

                      Defendant.

Adv. Proc. No. 21-8123-reg

----------------------------------------------------------------x

MEMORANDUM DECISION AND ORDER
DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

In this adversary proceeding, the Plaintiffs, Russell Nype and Revenue Plus, LLC (together "Nype" or "Plaintiffs") are seeking, under 11 U.S.C. § 523(a)(2)(A) and (a)(6), to except from the Debtor's discharge liability stemming from a pre-petition judgment entered against the Debtor and others by a Nevada state court ("Nevada Court"). That judgment was supported by Amended Findings of Fact and Conclusions of Law, dated January 17, 2020, which the Nevada Court entered after a trial on the merits. *See* District Court, Clark County, Nevada, Amended Findings of Fact and Conclusions of Law, Case No. A-16-740689-C, Jan. 17, 2020 ("Nevada Judgment"). The Nevada Judgment has three separate elements: an award in the amount of $4,835,111.37 attributed to fraudulent conveyances under Nevada law ("Fraudulent Conveyance Award"); an award in the amount of $19,641,515.90 attributed to a finding of civil conspiracy under Nevada law ("Civil Conspiracy Award"); and a finding ("Alter Ego Finding")

1

that the Debtor and others are liable, under a Nevada alter ego theory for a prior judgment ("LVLP Judgment") in the amount of approximately $2,600,000, entered against an entity, Las Vegas Land Partners LLC ("LVLP"), owned and controlled by the Debtor and his business partner, David J. Mitchell ("Mitchell").

Before the Court is Plaintiffs' motion for partial summary judgment seeking judgment as a matter of law solely as to the Fraudulent Conveyance Award. Relying on the doctrine of collateral estoppel, the Plaintiffs argue that the findings and conclusions made in the Nevada Judgment are sufficient to establish the elements of non-dischargeability under § 523(a)(2)(A) and the Debtor should be precluded from presenting any defense on that claim. The Debtor argues that the Nevada Judgment does not contain the necessary specificity with respect to the elements of the § 523(a)(2)(A) asserted here and the Plaintiffs' motion should be denied.

Based on the record before it today, the Court cannot give any preclusive effect to the Nevada Judgment. The Court cannot find, based on the current record, that the Nevada Judgment is a valid and enforceable judgment. The litigation commenced by Nype, which resulted in the Nevada Judgment, was commenced in aid of collecting on Nype's prior judgment against LVLP, the LVLP Judgment ("Collection Litigation"). Subsequent to commencement of the Collection Litigation, but prior to entry of the Nevada Judgment, LVLP filed for relief under chapter 7 of the Bankruptcy Code. LVLP was a named defendant in the Collection Litigation. Upon LVLP's bankruptcy filing, the fraudulent conveyance claims asserted in the Collection Litigation became property of the LVLP estate. The Collection Litigation continued as against all defendants except LVLP, and the LVLP chapter 7 trustee intervened as a co-plaintiff with Nype as the proper party to assert the fraudulent conveyance claims on behalf of the LVLP estate.

In a recent decision, the Bankruptcy Appellate Panel of the Ninth Circuit found that "postpetition prosecution of a fraudulent transfer claim against nondebtor parties violates § 362(a)(1)." *Koeberer v. California Bank of Commerce et al. (In re Koeberer)*, BAP No. NC-21-1078-FBS, Bk. No. 20-110514, 2021 WL 5371142 at *1 (B.A.P. 9th Cir. Nov. 18, 2021). If, in fact, the Nevada Judgment was entered in violation of the stay imposed by the LVLP bankruptcy filing, then it cannot be given collateral estoppel effect here.

The Motion is denied without prejudice.

## FACTS

Sometime in 2005 the Debtor and his business partner David Mitchell asked Nype to help them find a partner to assist their company LVLP with the development of certain real property in Downtown Las Vegas.[1] (Nevada Judgment at 4, ¶27). In late 2006 or early 2007, a dispute arose between LVLP and Nype over Nype's fee. (Nevada Judgment at 4, ¶28). LVLP sued Nype in late 2007 seeking a declaratory judgment that it owed Nype no fee, and Nype counterclaimed seeking compensation for services rendered.

On April 10, 2015, the Nevada Court entered a judgment against LVLP in favor of Nype in the amount of $2,608,797 plus interest and costs. (District Court, Clark County, Nevada, Findings of Fact, Conclusions of Law and Decision, Case No. 07A551073, Mar. 26, 2015 ("LVLP Decision"); District Court, Clark County, Nevada, Judgment, Case No. 07A551073, Apr. 10, 2015 ("LVLP Judgment")).

---

[1] Initially, Nype worked for LVLP through First Wall Street Capital International ("FWS"), but FWS and Nype had a falling out over Nype's fee share agreement for the LVLP work resulting in FWS terminating its relationship with Nype who nonetheless continued working on the deal for LVLP (LVLP Decision at 3, ¶¶ 14-37).

Nype collected only $10,000 on the LVLP Judgment. (Nevada Judgment at 5, ¶¶ 34, 35).

In 2017, Nype sued Mitchell, Liberman, LVLP and several related entities ("Related Entities"),[2] alleging that the defendants in that action engaged in an "Asset Protection Scheme" for the purpose of "secreting, hiding, and conveying away [from LVLP] valuable assets that were available to satisfy creditors [of LVLP] such as [Nype]" (District Court, Clark County, Nevada, Case No. A-16-740689-B, Amended Complaint, dated August 21, 2017, ¶56) ("Collection Litigation"). The Collection Litigation asserted claims for constructive trust, fraudulent conveyance, civil conspiracy, declaratory relief, and alter ego.

In August 2019, while the Collection Litigation was pending, LVLP filed a petition under chapter 7 of the Bankruptcy Code. (Bankr. D. Nev., Case No. 19-15333-mkn, "LVLP Bankruptcy"). After the LVLP Bankruptcy was filed, the Nevada Court continued the Collection Litigation as to the Debtor, Mitchell and the Related Entities, but not as to LVLP.

On October 21, 2019, the chapter 7 trustee appointed in the LVLP Bankruptcy filed an application to retain John W. Muije & Associates ("Muije & Associates") on a contingency fee basis as her special counsel to prosecute the fraudulent transfer claims asserted in the Collection Litigation. The retention application specifically recognized that the fraudulent transfer claims in the Collection Litigation were property of the LVLP Bankruptcy estate. (LVLP Bankruptcy, Dkt #28, Retention Application, ¶ 6).[3] By order of the Nevada bankruptcy court, dated October 31,

---

[2] The "Related Entities," as the Nevada Court noted, include: LVLP; Meyer Property Ltd., Zoe Property LLC, Leah Property LLC, Wink One LLC, LiveWork LLC, LiveWork Manager LLC, Aquarius Owner LLC, LVLP Holdings LLC, LiveWorks TIC Successor LLC, FC/LiveWork Vegas LLC, and Casino Coolidge LLC.

[3] The retention application recognized that Nype's claim in the LVLP Bankruptcy represented approximately 97% of the creditor body. The retention agreement attached to the retention application states: "Subject to Bankruptcy Court approval, 50% of any funds collected from the Defendants as a

2019, Muije & Associates was retained to represent the LVLP trustee as to the fraudulent conveyance claims. Muije & Associates continued to represent Nype as co-plaintiff on the remainder of the claims in the Collection Litigation. (LVLP Bankruptcy, Dkt #35). The LVLP trustee intervened as a plaintiff in the Collection Litigation and filed a "complaint in intervention" on November 18, 2019. The LVLP Bankruptcy case is still open.[4]

On January 17, 2020, after a trial on the merits in the Collection Litigation, the Nevada state court entered Amended Findings of Fact and Conclusions of Law which included a judgment against Mitchell, Liberman and the Related Entities in the total amount of $19,641,515.90 ("Nevada Judgment").

PROCEDURAL HISTORY

On April 1, 2021, Barnet Louis Liberman (the "Debtor" or "Liberman") filed a petition for relief under chapter 11 of the Bankruptcy Code.  The case was converted to chapter 7 on June 28, 2021. On August 24, 2021, the Plaintiffs filed a proof of claim in this case in the amount of $19,664,231.90 based on the Nevada Judgment. Thereafter Plaintiffs filed a complaint seeking non-dischargeability of the $19,641,515.90 claim under §§ 523(a)(2)(A) and 523(a)(6) of the Bankruptcy Code. On September 23, 2021, Plaintiffs filed the instant motion for partial summary judgment on the § 523(a)(2)(A) claim with regard only to the $4,835,111.37 Fraudulent Conveyance Award.

---

result of the State Court Litigation will be the property of [Nype] and 50% will be the Property of the [LVLP Bankruptcy estate]."

[4]    As noted by Nype in the summary judgment motion, "[t]his Court is permitted to take judicial notice of publicly filed documents such as those filed on the dockets of other courts." (Motion for Summary Judgment, Dkt #12, note 1).

DISCUSSION

The Plaintiffs' entire motion is premised upon this Court applying collateral estoppel to the Nevada Judgment. In order to apply collateral estoppel to the Nevada Judgment, the judgment must be valid and enforceable. *See In re Dabrowski*, 257 B.R. 394 (Bankr. S.D.N.Y. 2001). Actions taken in violation of the stay imposed by § 362 of the Bankruptcy Code are void, not merely voidable. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (citing *48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc (In re 48th St. Steakhouse, Inc.)*, 835 F.2d 427, 431 (2d Cir. 1987)); *Hillis Motors, Inc v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 586 (9th Cir. 1993). The Bankruptcy Appellate Panel for the Ninth Circuit recently held that a creditor's continuation of a state court fraudulent conveyance action against non-debtor entities was a violation of the automatic stay, even though the debtor was separated out from the action. *Koeberer v. California Bank of Commerce et al. (In re Koeberer)*, BAP No. NC-21-1078-FBS, Bk. No. 20-110514, 2021 WL 5371142 at *5-6 (B.A.P. 9th Cir. Nov. 18, 2021) (citing *FDIC v. Hirsch (In re Colonial Realty Co.)*, 980 F.2d 125 (2d Cir. 1992)). This Court takes judicial notice of the docket in the LVLP Bankruptcy and notes that there is no order granting relief from stay to allow the Collection Litigation to proceed. In light of this fact, and in light of *In re Koeberer*, this Court cannot find, based on the current record, that the Nevada Judgment is a valid and enforceable judgment entitled to collateral estoppel effect.[5]

---

[5] Assuming Plaintiffs are able to supplement the record or otherwise get past the issue raised here, the Court has concerns with Nype's standing to assert a claim against the Debtor based on the Fraudulent Conveyance Award. The LVLP trustee intervened in the Collection Litigation as the proper party plaintiff entitled to assert the fraudulent conveyance claims on behalf of the LVLP estate. Although Nype may benefit from any distribution in the LVLP bankruptcy, the Fraudulent Conveyance Award, it appears, is property of the LVLP bankruptcy estate, not Nype. In addition, on the merits of the collateral estoppel argument, the Court has concerns with the Nevada Judgment's failure to make any specific findings as to the Debtor's individual actions and the Debtor's individual intent to defraud, as opposed to collective findings made against the Debtor as part of a larger group of defendants.

## CONCLUSION

The Plaintiffs' motion for partial summary judgment is denied without prejudice. The pre-trial conference in this matter is restored to the Court's calendar on December 20, 2021 at 9:30 a.m for further proceedings consistent with this Memorandum Decision.

So ordered.



Dated: Central Islip, New York
December 3, 2021

Robert E. Grossman
United States Bankruptcy Judge